**ROGER T. NUTTALL #42500**
**NUTTALL & COLEMAN**
2333 Merced Street
Fresno, CA 93721
Telephone: (559) 233-2900
Facsimile: (559) 485-3852

Attorneys for Plaintiff,
Roger Harris

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT CALIFORNIA**

* * * * *

| | |
|---|---|
| ROGER HARRIS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF FRESNO, FRESNO POLICE DEPARTMENT, CHIEF ANDY HALL, DETECTIVE BRIAN HANCE, SERGEANTS RITCHIE ODELL, JUSTIN BELL, DANIEL VANDERSLUIS, OFFICERS MATHEW AMES, MICHAEL BUESSING, RYAN CARTER, CHRISTOPHER DARLING, GILBERTO HERRERA, GLENN GARDNER, JOHN GUEVARA, MARCES MENDOZA, PALOMINO, BRYAN PATTERSON, GREGORY REYES, MARTIN SALAS, CHRISTOPHER WYANT, DAMIAN ZARAGOZA, AND DOES 1 THROUGH 20, INCLUSIVE,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS<br><br>JURY TRIAL DEMANDED<br><br>1. 42 U.S.C. §1983<br>2. Abuse of Process<br>3. Malicious Prosecution<br>4. False Imprisonment<br>5. Intentional Infliction of Emotional Distress<br>6. Negligent Infliction of Emotional Distress<br>7. Violation of Civil Rights 42 U.S.C. §1983 - California Civil Code §52.1<br>8. Negligence<br>9. Negligent Hiring, Retention, Training, Supervision and Discipline<br>10. Fourth Amendment Unlawful Seizure of the Person<br>11. Duty to Expose Exculpatory Evidence Brady Claim<br>12. Monell Claim- 42 U.S.C. § 1983<br>13. Conspiracy- 42 U.S.C. §1983 |

1. This is a civil suit brought under the Federal Civil Rights Act, 42 U.S.C. § 1983 for violations of Plaintiffs rights as secured under the United States Constitution. This Court has subject matter jurisdiction over the parties and this action pursuant to 28 U.S.C. §1343(3) and 28 U.S.C. §1331.

2. This suit includes supplemental claims for malicious prosecution, the intentional infliction of emotional distress, negligence, negligent infliction of emotional distress, and for violations of California Civil Code §52.1.

3. This suit further seeks the imposition of punitive damages against all appropriate Defendants as permitted under law.

4. Venue is proper in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. § 1391(b)(1), because Defendants, as well as the underlying acts and injuries upon which the present action is based occurred in occurred in this judicial district.

**PARTIES**

5. Plaintiff, ROGER HARRIS, is a resident of Fresno, State of California.

6. At all times mentioned herein, the Defendant CITY OF FRESNO is and was a public entity, duly organized and existing under and by the virtue of the laws of the state of California. Plaintiff duly filed a Government Claim against the City and said Claim was rejected by Defendant City of Fresno.

7. At all times mentioned herein, the Defendant, CHIEF ANDY HALL, is sued herein in his official and individual capacity. As CHIEF ANDY HALL was, and is, responsible for maintaining, creating, and ratifying unconstitutional practices and policies which caused Plaintiff's injuries; and because his inaction, his failure to change policies, and failure to implement correct police procedures, policies, and adequate training of Fresno Police Officers has manifested a reckless and callous indifference to civil rights violations, and which caused the constitutional injuries suffered by Plaintiff. Defendant CHIEF ANDY HALL is also sued in his individual capacity because he set in motion a series of acts by Fresno Officers by his failure

to implement proper training and tactics for officers in dealing with and interacting with residents of the CITY OF FRESNO. Said failures by Defendant CHIEF ANDY HALL caused the constitutional injuries suffered by Plaintiff Individual liability is sought against Defendant CHIEF ANDY HALL because he enforced the official policy, practice, and custom of the defendant CITY OF FRESNO of condoning, approving, and ratifying constitutional violations against the residents of the CITY OF FRESNO. CHIEF ANDY HALL is also sued in his individual capacity because CHIEF ANDY HALL has been on notice that the training of officers has been deficient in the areas of proper police tactics, and proper police procedures designed to preserve life and obtain evidence in a legal and constitutional manner. Proper police procedures and proper police tactics were not in place in the CITY OF FRESNO; the training of officers had deteriorated, was defective, needed improvement; and that the failure to follow proper police tactics and the failure to provide proper training of officers was reckless and dangerous for the residents of CITY OF FRESNO. The inadequate training of officers by Defendants CITY OF FRESNO and CHIEF ANDY HALL, and the failure to properly train officers amounts to reckless and deliberate indifference to the violation of civil rights of the residents of the CHIEF ANDY HALL.

8. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege said Defendants' true names and capacities when ascertained. Plaintiff is informed and believes that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiffs injuries were proximately caused by the acts and/or omissions of said fictitiously named Defendants.

9. At all times mentioned herein, Defendant DOES I through 20, were duly appointed Officers, Sergeants, Lieutenants, Captains, executives, employees and/or policy makers of the FRESNO POLICE DEPARTMENT, a department and

subdivision of defendant CITY OF FRESNO, and at all times mentioned herein said Defendants were acting in the course and scope of their employment with defendant CITY OF FRESNO which is liable under the doctrine of respondent superior pursuant to section 815.2 of the California Government Code. Claims have been filed against Defendant CITY OF FRESNO and said claims were rejected. Plaintiff will present said claims in his case in chief.

10. At all times relevant hereto, Defendants DETECTIVE BRIAN HANCE, SERGEANTS RITCHIE ODELL, JUSTIN BELL, DANIEL VANDERSLUIS, OFFICERS MATHEW AMES, MICHAEL BUESSING, RYAN CARTER, CHRISTOPHER DARLING, GILBERTO HERRERA, GLENN GARDNER, JOHN GUEVARA, MARCES MENDOZA, PALOMINO, BRYAN PATTERSON, GREGORY REYES, MARTIN SALAS, CHRISTOPHER WYANT, DAMIAN ZARAGOZA and DOES 1 through 20, were residents of the County of Fresno and at all times mentioned employed by the CITY OF FRESNO and were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of defendant CITY OF FRESNO, and under the color of the statutes and regulations of the State of California. Said Defendants were acting within their capacity as employee, agent, representative and servant of the Defendants County of Santa Clara, and in the course and scope of their employment with the County of Santa Clara when they perpetrated the wrongful conduct described in this complaint.

11. This action includes claims brought pursuant to 42 U.S.C. §1983 for the deprivation of Plaintiffs rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, federal law, the Constitution of the State of California and the general laws of the State of California

12. At all times mentioned herein, Defendants DETECTIVE BRIAN HANCE, SERGEANTS RITCHIE ODELL, JUSTIN BELL, DANIEL VANDERSLUIS, OFFICERS MATHEW AMES, MICHAEL BUESSING, RYAN CARTER, CHRISTOPHER DARLING, GILBERTO HERRERA, GLENN GARDNER, JOHN

GUEVARA, MARCES MENDOZA, PALOMINO, BRYAN PATTERSON, GREGORY REYES, MARTIN SALAS, CHRISTOPHER WYANT, DAMIAN ZARAGOZA, and DOES 1 through 20, as duly sworn police officers, were specifically authorized by Defendant CITY OF FRESNO to perform the duties and responsibilities of sworn officers of the FRESNO POLICE DEPARTMENT, and all acts hereinafter complained of were performed by said Defendants within the course and scope of their duties as police officers for Defendant CITY OF FRESNO.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. On April 23, 2020, Plaintiff walked out of an apartment located at 2212 E. Tyler in Fresno 93701. Multiple police vehicles were driving around in his neighborhood, and an undercover vehicle was parked directly behind Plaintiff's vehicle with two officers inside.

14. Since being shot by police officers in 2006, Plaintiff has been unjustifiably detained and harassed by members of the Fresno Police Department between 300 and 500 times, leaving Plaintiff in constant fear for his safety from officers of the Fresno Police Department. On this occasion, because of Plaintiff's prior and extensive experience with law enforcement, Plaintiff was reasonably afraid for his safety and believed that he would be unjustifiably detained and harassed once again.

15. As Plaintiff left 2212 E. Tyler, driving west on Tyler, he was followed by two marked Fresno Police cars and an unmarked police car without valid cause. At this time, Sargent Bell then requested that Plaintiff be stopped if probable cause existed. Plaintiff continued west on Tyler, making full and legal stops at Thesta and Fresno. At the intersection of Fresno and Tyler, a Fresno Police vehicle was sitting in the middle of the lane at Tyler and Fresno, so as to prevent Plaintiff from turning left onto Fresno. A second vehicle then pulled in front of Plaintiff from the other direction, preventing Plaintiff from pulling out for two or three minutes. Then the police car blocking the left turn on to Fresno moved, and Plaintiff was allowed to turn left onto Fresno, while still being followed by multiple police vehicles.

16. Subsequently, when Plaintiff next turned right, the unit behind him activated its lights, and Plaintiff immediately pulled to the side of the street. Plaintiff was approached by Officer Gardner, who asked Plaintiff where he was going and why he had not stopped at a previous intersection, even though Plaintiff was not required to stop at that intersection.

17. Plaintiff provided Officer Gardner with his license and registration and turned the vehicle off as requested. Officer Gardner instructed Plaintiff to exit his vehicle, even though the pretext for the stop was a traffic violation, and it is not Fresno Police Department policy to have drivers exit their vehicle while being detained for a mere traffic violation.

18. Because of Plaintiff's numerous prior unjustified detentions by the Fresno Police Department, as well as the unjustified and intimidating actions of the Fresno Police Department just prior to his vehicle being stopped, Plaintiff was afraid of the intentions of Officer Gardner, as well as being afraid for his safety, refused to exit his vehicle, and asked to speak to Officer Gardner's sergeant. While waiting for the sergeant to arrive, Officer Gardner, kept trying to get Plaintiff out of the vehicle. At this point, Officer Gardner suddenly yelled GUN! GUN! and multiple officers pulled their firearms from their holsters.

19. Fearing for his life, Plaintiff drove away with his head down as low as he could get it for fear of being shot by police officers. Plaintiff continued west on Olive, while being followed by multiple police vehicles, at which point he was involved in a serious accident directly caused by the unjustified harassment, detention, and pursuit of Plaintiff by officers of the Fresno Police Department, which seriously injured Plaintiff, and in which the other driver, while possessing a toxic level of methamphetamine in his system, passed away.

20. A handgun was retrieved from Plaintiff's vehicle. However, the police laboratory subsequently reported that it was negative for fingerprints. As well, no DNA was recovered from the firearm.

21. Subsequent to the accident, Officer Patterson, interviewed Plaintiff on the pretext of a DUI investigation, and falsely claimed that he observed signs and symptoms of TCH intoxication, including a green tongue and lack of eye convergence. Subsequently, a blood analysis determined that Plaintiff had a THC level which is inconsistent with being under the influence of marijuana.

22. Plaintiff is informed and believes, and on that basis alleges that the Fresno Police Department had a long-standing official policy, custom, pattern, practice and procedure of fabricating reports. Plaintiff is further informed and believes and on that basis alleges that the Fresno Police Department trained its officers, including defendants and each of them and DOES I through 20, to create false information and fabrications on incident reports.

23. Defendants intentionally and purposefully have hidden the fact that the police reports in this matter contain false information. These defendants instead have led all involved in the criminal case to believe that the police reports generated in this matter were accurate and truthful. Defendants also knew that the false information contained therein would be used as evidence against Plaintiff in the ongoing criminal case.

24. In manufacturing the false police reports, as well as purposefully ignoring and intentionally concealing exculpatory evidence, Defendants, and each of them, have caused Plaintiff to prosecuted on serious criminal charges by the Fresno District Attorney in Fresno County Superior Criminal Court, Case F20902689 filed on February 23, 2021 against Plaintiff for violations of Penal Code sections 191.5(a), 667(e)(2)(C)(iii), 12022.7(a), 969f, 245(a)(1), 29900(a), 25400(a)(1), 25400(c)(8), 25400(c)(4), 25400(c)(1), 25850(a), 25850(c)(4), 25850(c)(1), 30305(a)(1), as well as Vehicle Code sections 20001(c), 23153(f), 2800.3(b), 2800.4, 2001(b)(2).

25. Upon information and belief, Plaintiff alleges that Defendants agreed to a common plan, scheme and/or design to fabricate false evidence against Plaintiff and to withhold exculpatory evidence in this matter.

///

26. Defendant's acts and omissions have deprived Plaintiff of his procedural and substantive due process rights. These acts and omissions also shock the conscience. The aforementioned conduct was malicious, wanton and was done without any provocation or cause, proximately causing Plaintiff damages.

27. The arrest of Plaintiff was as a result of unconstitutional policies, practices and procedures in place at the FRESNO POLICE DEPARTMENT regarding the use of false reports to "cover up" negligent and/or intentional misconduct.

28. FRESNO POLICE DEPARTMENT ratifies, condones, and acquiesces, in the falsification of evidence, the "planting" of evidence, the "cover up" of negligent and/or intentional misconduct, false arrests, and other police misconduct.

29. As a direct and proximate result of the wrongful conduct of Defendants, as set forth herein, Plaintiff has sustained special damages, including without limitation attorney fees in defending the criminal action, loss of earning, loss of earning capacity, in an amount according to proof.

30. As a direct and proximate result of the wrongful conduct of Defendants, as set forth above, Plaintiff has sustained non-economic damages according to proof, including, but not limited to, damages for pain, suffering, damage to reputation, unwarranted shame, anxiety, humiliation, loss of his sense of security, dignity, and pride as a United States citizen and severe, and permanent emotional distress and damage.

**FIRST CAUSE OF ACTION**

**(42 U.S.C. § 1983)**

31. Plaintiff repeats and re-alleges each and every allegation above as though fully set fourth herein.

32. Upon information and belief, the violations of the Plaintiffs constitutional and lawful rights complained of herein were caused by customs, policies, directives, practices, acts and omissions of the CITY OF FRESNO and its authorized policy makers, including DOES 1-20. These customs and policies include, but are not limited to, encouraging Fresno Police officers to create false incident reports that contain false

information, failing to adequately provide Fresno Police officers with sufficient training regarding the prohibition on fabricating and/or planting evidence and providing perjured testimony, and failing to adequately provide Fresno Police officers with sufficient training regarding their obligations to produce exculpatory evidence. These failures constitute gross negligence and/or deliberate indifference on the part of the Fresno Police, and DOES 1 -20 in their obligation to ensure the preservation of the criminal suspect's constitutional rights.

33. Upon information and belief, the CITY OF FRESNO delegated final policymaking authority to Defendants and each of them with respect to the investigation of suspects and witnesses. Upon information and belief, the CITY OF FRESNO did not supervise their activities, and they were not constrained by the CITY OF FRESNO policy.

34. In the alternative, upon information and belief, the CITY OF FRESNO authorized, directed condoned, and/or ratified the unconstitutional and unlawful conduct and/or omissions complained of herein.

35. As direct and proximate result of the conduct of Defendants described herein, Plaintiff has been denied his constitutional, statutory and legal rights, including, but not limited to, the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution; and

b. The right to due process of law as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

36. As a proximate result of the Defendants' conduct, Plaintiff suffered economic and noneconomic damages as herein set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///

///

///

**SECOND CAUSE OF ACTION**

**(Abuse of Process)**

37. Plaintiff repeats and re-alleges each and every allegation above as through fully set forth herein.

38. In engaging in the conduct as set forth herein, Defendants intentionally used the criminal courts for an improper purpose and engaged in pretrial procedures for an improper purpose. In so doing, these Defendants entertained an ulterior motive in abusing the legal process and committed a willful act in a wrongful manner.

39. Defendants intentionally used the criminal legal process against Plaintiff primarily to accomplish a purpose for which it is not designed.

40. Defendants' conduct was neither privileged nor justified under statute or common law.

41. As a proximate result of the Defendants' conduct, Plaintiff suffered economic and noneconomic damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief hereinafter set forth.

**THIRD CAUSE OF ACTION**

**(Malicious Prosecution)**

42. Plaintiff repeats and re-alleges each and every allegation above as through fully set forth herein.

43. In engaging in the conduct as set forth herein, Defendants and each of them intentionally and wrongfully caused a criminal proceeding to be brought and maintained against Plaintiff.

44. Defendants were actively involved in causing Plaintiff to be arrested and prosecuted and/or in causing unwarranted continuation of the prosecution of Plaintiff.

45. Defendants did not reasonably believe that sufficient legitimate evidence existed against Plaintiff to establish probable cause.

46. Defendants acted primarily for a purpose other than that of bringing Plaintiff to justice.

47. Defendants' conduct was neither privileged nor justified under statute or common law.

48. As a proximate result of these Defendants' conduct and the commencement of criminal proceedings without probable cause and with malice towards Plaintiff, the Plaintiff suffered economic and non-economic damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**

**(False Imprisonment)**

49. Plaintiff repeats and re-alleges each and every allegation above as through fully set forth herein.

50. Defendants falsely imprisoned Plaintiff without probable cause. Plaintiff had not committed any of the crimes with which he was cited and charged, and there was no basis upon which these Defendants could have reasonably believed that Plaintiff had committed any of the crimes with which he was cited and charged.

51. Defendants failed to observe proper procedures in falsely imprisoning Plaintiff without probable cause. Defendants exceeded the limits of their authority as police officers in falsely imprisoning Plaintiff without probable cause, in failing to disclose evidence that exonerated Plaintiff, and in using manufactured evidence and perjured testimony against Plaintiff while they falsely arrested and imprisoned him.

52. As a proximate result of these Defendants' conduct, Plaintiff suffered economic and noneconomic damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

53. Plaintiff repeats and re-alleges each and every allegation above as through fully set forth herein.

///

///

54. The above-described conduct of the individual officers sued herein, was extreme and outrageous, done intentionally and with conscious disregard of Plaintiffs rights and directly and proximately cause him extreme physical and mental injury and distress.

55. Defendant, CITY OF FRESNO, is responsible and liable for the acts of its involved employees as described herein through principles of respondent superior.

56. Fresno Police Officers were acting under color of law and within the course and scope of their employment with the City of Fresno when they perpetrated the wrongful conduct described in this complaint.

57. The conduct of Defendants as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.

58. Defendants committed these extreme and outrageous acts with the intent to inflict a severe mental and emotional distress upon Plaintiff.

59. As a proximate result of these Defendants' conduct, Plaintiff suffered economic and noneconomic damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**

**(Negligent Infliction of Emotional Distress)**

60. Plaintiff repeats and re-alleges each and every allegation above as through fully set forth herein.

61. Defendants owed Plaintiff a duty of care to be truthful and not to falsify evidence against him, to disclose exculpatory evidence, and to not cause him unreasonable, unnecessary, or unjustified harm. This duty of care was breached. The wrongful conduct of Defendants, as set forth herein, does not comply with the standard of care to be exercised by reasonable persons.

62. It was reasonably foreseeable that defendant's breach of the duty of care would cause Plaintiff physical and emotional harm. The individual officers' actions

directly and proximately caused Plaintiff physical injury, mental pain and suffering, and extreme humiliation and embarrassment.

63. Defendant, CITY OF FRESNO, is responsible and liable for the acts of its involved employees as described herein through principles of respondent superior.

64. Fresno Police Officers were acting under color of law and in the course and scope of their employment with the County of Santa Clara when they perpetrated the wrongful conduct described in this complaint.

65. The wrongful conduct of Defendants as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of the Plaintiff.

66. As a proximate result of these Defendants' negligent conduct, Plaintiff has suffered physical injury, and emotional and mental distress, resulting in a traumatic effect on Plaintiffs emotional tranquility.

67. As a proximate result of the Defendant's conduct, Plaintiff suffered economic and noneconomic damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**

**(Violation of Civil Rights 42 U.S.C. §1983-California Civil Code §52.1)**

68. Plaintiff repeats and re-alleges each and every allegation above as through fully set forth herein.

69. The conduct of Defendants as described herein violated California Civil Code §52.1, in that they interfered with Plaintiffs exercise and enjoyment of his civil rights, through use of manufactured evidence and falsified reports, and failure to make any proper or reasonable detention of said Plaintiff

70. As a direct and proximate result of Defendants' violation of California Civil Code §52.1, Plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

71. As a proximate result of these Defendants' conduct, Plaintiff suffered economic and noneconomic damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**

**(Negligence)**

72. Plaintiff repeats and re-alleges each and every allegation above as through fully set forth herein.

73. At all times herein mentioned, Defendants were subject to a duty of care to properly infer freshly collected evidence and present such evidence to the appropriate authorities, including the judicial branch.

74. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing Plaintiff to suffer injuries and damages as set forth herein.

75. As a proximate result of Defendants' negligent conduct, Plaintiff suffered severe physical injury, severe emotion and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and suffered damages.

76. As a proximate result of defendant's conduct, Plaintiff suffered economic and noneconomic damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**NINTH CAUSE OF ACTION**

**(Negligent Hiring, Retention, Training, Supervision and Discipline)**

77. Plaintiff repeats and re-alleges each and every allegation above as through fully set forth herein.

78. At all times herein mentioned, the CITY OF FRESNO, and the FRESNO POLICE DEPARTMENT by and through its supervisory employees and agents, including DOES 1 through 20, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to citizens.

79. With deliberate indifference, the CITY OF FRESNO, FRESNO POLICE DEPARTMENT and Does 1 through 20 failed to take necessary, proper, or adequate

measures in order to prevent the violation of Plaintiffs rights and injury to Plaintiff the CITY OF FRESNO, and the FRESNO POLICE DEPARTMENT and DOES 1 through 20 breached their duty of care to citizens in that the CITY OF FRESNO, and the FRESNO POLICE DEPARTMENT and DOES 1 through 20 failed to adequately train its and officers, including Defendants and each of them, in the proper and reasonable collection and presentation of evidence, and the proper and reasonable making of detentions. These Defendants also failed to have adequate policies and procedures regarding the proper and reasonable collection and presentation of evidence.

80. This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of improper and unreasonable evidence collection and presentation by the FRESNO POLICE DEPARTMENT and officers employed by the CITY OF FRESNO, and the FRESNO POLICE DEPARTMENT and DOES 1-20.

81. As a proximate result of Defendants' conduct, Plaintiff suffered economic and noneconomic damages as hereinafter set forth.

WHEREFORE, Plaintiff seeks relief as set forth below.

**TENTH CAUSE OF ACTION**

**(Violation of Civil Rights - 42 U.S.C. §1983 - California Civil Code §52.1)**

**(Fourth Amendment Unlawful Seizure of the Person)**

82. Plaintiff repeats and re-alleges each and every allegation above as though fully set forth herein.

83. This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

84. On or before and on April 23, 2020, Plaintiff, possessed the right, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable searches, seizures, being drugged by, or having evidence planted by sheriff and/or police officers acting under the color of law.

85. At all times Plaintiff was completely unarmed and in a vulnerable state. Defendants, and each of them, violated Plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth Amendment of the United States Constitution.

86. As a proximate result of the Defendant's false arrest under color of state law, Plaintiff has been deprived of his right to be free from false arrest without a warrant or without probable cause.

WHEREFORE, Plaintiff seeks relief as set forth below.

**ELEVENTH CAUSE OF ACTION**

**(Duty to Expose Exculpatory Evidence - Brady Claim)**

87. Plaintiff repeats and re-alleges each and every allegation above as though fully set forth herein.

88. As a proximate result of the Defendant's violation of their duty to not fabricate evidence and to disclose exculpatory evidence, Plaintiff has been deprived of his right to be free from violation of the Due Process Law.

WHEREFORE, the Plaintiff seeks relief as set forth herein

**TWELFTH CAUSE OF ACTION**

**(Monell Claim - 42 U.S.C. §1983)**

89. Plaintiff repeats and re-alleges each and every allegation above as though fully set forth herein.

90. Plaintiff is informed and believes, and thereon alleges, that the CITY OF FRESNO, including high ranking City of Fresno officials, including police officers such as Chief ANDY HALL, and Officer Defendants, and each of them, knew and/or reasonably should have known, about repeated acts of misconduct by Officers.

91. Defendants, including illegal searches, illegal seizures and falsification of evidence. Plaintiff is further informed and believes that the CITY OF FRESNO, including high ranking City of Fresno officials, police officers, and each of them, knew

///

and/or reasonably should have known that Defendants were improperly trained to perform their duties as police officers.

92. Plaintiff is further informed and believes that the CITY OF FRESNO, including high ranking City of Fresno officials, including police officers such as Chief ANDY HALL, and Officer Defendants, and each of them, knew and/or reasonably should have known that their failure to supervise and discipline officers would cause harm.

93. Despite having such notice, Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, approved, ratified, condoned, encourages, and/or tacitly authorized the continuing pattern of practice of misconduct and/or civil rights violations by the involved police officers.

94. Plaintiff is informed and believes, and thereon alleges, that as a result of the deliberate indifference, recklessness and/or conscious dis regard of the misconduct, by the lack of training or unreasonable training, and by the lack of supervision and discipline, Defendants, and each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by the involved police officers, which resulted in violations of Plaintiff's constitutional rights.

95. Defendants, and each of them, owed Plaintiff a duty of care to ensure that it hired, trained and supervised its officers so as to prevent violations of Plaintiff's constitutional, statutory and common law rights.

96. The aforementioned acts and/or omissions and/or deliberate indifference by the Defendants, and each of them, resulted in the deprivation of Plaintiffs constitutional rights.

///

///

///

///

WHEREFORE, Plaintiff seeks relief as set forth below.

**THIRTEENTH CAUSE OF ACTION**

**(Conspiracy - 42 U.S.C. §1983)**

97. Plaintiff repeats and re-alleges each and every allegation above as though fully set forth herein.

98. On or about April 23, 2020, Defendants and each of them conspired and acted in concert to deliberately fabricate false evidence against Plaintiff.

99. As a proximate result of the Defendants conspiring to illegally subject Plaintiff to criminal charges on the basis of false evidence deliberately fabricated and/or planted, as well as the failure to disclose exculpatory evidence, Plaintiff has been deprived of his right to be free from violation of the Due Process of law.

WHEREFORE, Plaintiff seeks relief as set forth below.

**JURY DEMAND**

100. Plaintiff hereby demands a jury trial in this action.

PRAYER

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof against all non-public entity Defendants;
4. For injunctive relief enjoining Defendant CITY OF FRESNO from authorizing, allowing, or ratifying the practice by any police department employee of Defendant CITY OF FRESNO from improperly, unreasonably and illegally manufacturing evidence against potential suspects and providing perjured testimony against said suspect.
5. For violation of California Civil Code § 52.1 statutory damages, and reasonable attorney's fees;
6. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988
7. For reasonable attorney fees and cost pursuant to Code of Civil Procedure §

1021.4 and 102.5;

8. For cost of suit herein incurred; and

9. For such other and further relief as the Court deems just and proper.

DATED: June 9, 2021.

Respectfully submitted,

NUTTALL & COLEMAN

By______________________

ROGER T. NUTTALL,
Attorneys for Plaintiff,
ROGER HARRIS